Fenwick
vs
Forrest

### FENWICK vs. FORREST.

In an action of covenant where D warrants and defends cert in slaves sold to F, against all persons whatsoever, to be the property of F, the breach issued in the declaration was, that the slaves, at the time of the sale, were not the property of D, but of S, who did possessed If of them by a writ of replevin issued against D, and that D did not warrant and defend the slaves to F. There was no proof offered of the title of S, except the service of the writ of replevin, and its return to court. _Held_, that F was bound not only to state specially, dispossession of the slaves, but if it was by a stranger, he must also state a better or paramount legal title to them in such stranger and support it by proof, and that the mere service of the writ of replevin, without any thing further having been therein, was no evidence of the right or title of S to the slaves replevied If S had made good his claim to the slaves replevied, the judgment would have afforded the best, but not the only evidence to which F could resort, to prove that S had a better title to them than D Any other evidence, written or oral, evincing the fact, might have been used

APPEAL from _Saint-Mary's_ county court. This was an action of covenant. The declaration stated, that by an indenture of writing, entered into on the 22d of July 1817, between the defendant, (now appellant,) and the plaintiff, (the appellee,) the defendant did, in consideration of the sum of $750 to him paid by the plaintiff, bargain and sell unto the plaintiff sundry negroes, to wit, negroes _George_, _Grace_, _Joseph_ and _Eliza_, and did thereby warrant and defend said negroes to the plaintiff against all persons whatsoever, to be slaves for life, and the property of the plaintiff, his heirs, &c. and although the plaintiff did every thing on his part to be done, and paid the defendant the said sum of $750, yet protesting, that the defendant hath not done and performed all and every thing on his part to be done and performed, according to the intention and effect of the said indenture of writing, the plaintiff in fact saith, that the said negroes were not the property of the defendant at the time of the sale thereof, to wit, at _Saint-Mary's_ county aforesaid, but of a certain _David Sommerville_; and further, that the defendant did not warrant and defend said negroes to the plaintiff, as bound by the said indenture to do; but the same hath been since replevied and taken out of the possession of the plaintiff by virtue of a writ of replevin issued from _Baltimore_ county court, against the defendant, by a certain _David Sommerville_, to wit, at _Saint-Mary's_ county aforesaid, and contrary to the intention, tenor and effect, of the said indenture of writing as aforesaid. Wherefore the plaintiff saith, that the defendant, (although often requested so to do,) hath not kept with the plaintiff the covenant by him made as aforesaid, but to keep the same hath hitherto wholly refused, &c. The defendant pleaded that he had not broken the covenants in the declaration mentioned, or either of them, &c. Upon which plea issue was joined.

At the trial, the plaintiff offered in evidence an indenture, admitted to have been executed by the defendant to the plaintiff on the 22d of July 1817, by which the defendant for and in consideration of the sum of $750, to him in hand paid, bargained and sold the following negroes, to wit, _George_, &c. "To have and to hold to him, the said

James *Forrest*, his heirs, executors and administrators, for ever; and the said *Athanasius* hereby doth warrant and defend the said negroes; against all persons whatsoever, to be slaves for life; and the property of the said *James Forrest*, his heirs, executors and administrators." The plaintiff also offered in evidence a record from the county court of *Baltimore* county, of an action of replevin instituted on the 6th of May 1817, in that court, by *David Sommerville* against *Athanasius Fenwick*, to replevin negroes *Sarah, George, Grace, Sarah* and *Joseph*, and two other children of the said *Sarah*. The negroes were replevied and delivered to *Sommerville* on the 18th of August 1817, by the sheriff of *Baltimore* county, and at the return day of the writ, counsel appeared for the defendant, but he so appeared at the instance of *Forrest*, and prayed a return of the negroes so replevied and delivered to *Sommerville;* but afterwards and before the return, the counsel moved that his appearance be stricken out, &c. which was accordingly done. The plaintiff further proved by a competent witness, that between the 1st and the 10th of May 1817, six negroes were brought on board his vessel lying at *Baltimore*, and were carried by him to the house of the defendant, and delivered to the defendant, who claimed them as his property, but afterwards said that some of those negroes were in dispute in *Baltimore*, and that the plaintiff was concerned. He then offered evidence, by another witness, that the defendant informed him that he was present at a conversation between general *Winder* and the plaintiff, in August 1817, in which the plaintiff told general *Winder*, who had appeared as counsel in the aforesaid action of replevin, that he did not wish him longer to appear at his instance and request, to defend that suit. The defendant then prayed the court to instruct the jury, that from the pleadings and evidence in the cause, the plaintiff was not entitled to recover; but the court, [*Key* and *Plater*, A. J.] refused the prayer. The defendant excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. BUCHANAN, EARLE, and STEPHEN, J. by

*Winder*, for the appellant, and by

*Magruder*, for the appellee.

JUNE 1822.

Fenwick
vs
Forrest

EARLE, J. delivered the opinion of the court. In the covenant, which is the ground-work of this case, *Fenwick* warrants and defends the negroes sold against all persons whatsoever, to be the property of *Forrest*, his heirs, executors and administrators. The breach of this covenant, as assigned, is that the negroes, at the time of the sale, were not the property of *Fenwick*, but were the property of one *David Sommerville*, who dispossessed *Forrest* of them by a writ of replevin issued against *Fenwick*, and that *Fenwick* did not warrant and defend the negroes to *Forrest*, as bound by his covenant to do. *Fenwick* to this charge pleads *non infregit conventionem;* and on the trial of the issue, no proof is offered by *Forrest* in support of his case, except the service of *Sommerville's* replevin, and the return of it to *Baltimore* county court, and the neglect of *Fenwick* to appear to the action at the return court, although he was apprised of the resolution of *Forrest* not to defend the replevin. Is this proof sufficient to sustain the action of covenant, is the question, and did the court below err in refusing to instruct the jury, on the prayer of *Fenwick*, that the plaintiff, *Forrest*, was not entitled to recover?

Whether the covenant be considered a covenant for quiet enjoyment of the negroes, or simply an undertaking to warrant and defend the title to them to the vendee, against the acts of all persons whatever, to maintain an action for a breach of it, the plaintiff is bound not only to state specially, dispossession of the negroes, but if it be by a stranger, he must also state a better or paramount legal title to them in such stranger. Dispossession by lawful process need not, however, be set forth; for it is enough to state deprivation of possession by a person having lawful title. *Foster vs. Pierson*, 4 *T. R.* 617. These statements are material in the plaintiff's declaration, and without them it would be bad on demurrer. If material to state eviction and lawful title by a stranger, it is equally indispensable to support them by proof; and the inquiry is, whether the title of *Sommerville* to the negroes in controversy, whose property they are alleged in the declaration to have been at the time of the sale to the plaintiff, is established by the evidence laid before the jury on the trial of the case? The disturbance of possession proved, is an eviction by process against *Fenwick*, but the mere service of the replevin is no evidence of the right or title of *Sommerville*

to the negroes replevied. How this replevin was disposed of after the return court, does not appear; at that court, the testimony is, that *Forrest* undertook the defence of it, made a motion for a return of property, and then abandoned the case, and that *Fenwick* did not at that term appear to the action. Whether at any future time he became a party to it is no where stated, neither does it appear that the title to the negroes was ever tried on this replevin. If *Sommerville* had made good his claim to the negroes thus replevied, the judgment would have afforded the best evidence, to which the plaintiff in this suit could resort, to prove that he (*Sommerville,*) had a better title to them than *Fenwick*; it would have been the establishment of his right by process of law. But this is not the only testimony the plaintiff in this action might have used to sustain his allegation, that at the time of the sale of the negroes in dispute to him by *Fenwick*, they were the property of *Sommerville*. This material proposition he might have substantiated by any other evidence, written or oral, evincing the fact, and thus have maintained his action of covenant against the defendant. Evidence of either kind, to prove *Sommerville's* right to the disputed negroes, he failed, however, to produce on the trial, and therefore we think the court below ought to have given the directions to the jury prayed for by the defendant.

We reverse the judgment, and order a *procedendo* to issue.

JUDGMENT REVERSED, &c.